Salvatore Fazio v. Commissioner.
Fazio v. Commissioner
Docket No. 37427.
United States Tax Court
1953 Tax Ct. Memo LEXIS 29; 12 T.C.M. (CCH) 1392; T.C.M. (RIA) 53398; December 9, 1953
A. W. Chadwick, Jr., Esq., for the petitioner. James R. Harper, Jr., Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined deficiencies in income tax and penalties under sections 291 (a) and 293 (b) of the Internal Revenue Code as follows: 50%
addition
25%
to tax
delinquency
Year
Deficiency
for fraud
penalty
1944
$1,046.58
$ 523.29
$261.65
1945
3,019.50
1,509.75
754.88
1946
2,301.70
1,150.85
575.43
1947
3,422.54
1,711.27
855.64
1948
1,936.68
968.34
484.17
1949
2,304.85
1,152.43
576.22
The petition contests only the imposition of the 25 per cent delinquency penalty and the 50 per cent addition to the tax *30 for fraud. The stipulated facts are found accordingly. Findings of Fact Petitioner is an individual residing in St. Augustine, Florida. He filed no income tax returns for the taxable years 1944 to 1949, inclusive. Petitioner was born in Augusta, Italy, on January 11, 1898. On March 8, 1924, he married Carmen Tringale. During the period 1926 to 1944, inclusive, seven children were born to this union. Petitioner came to the United States in 1920 and except for a short period has since resided in this country. He was naturalized on June 13, 1941. During the year 1943, and prior thereto, petitioner worked as a shrimp fisherman for John Salvatore, who withheld from his wages for federal income taxes and took care of his income tax returns. During the taxable years 1944 to 1949, inclusive, petitioner was engaged in business as a commercial fisherman, operating one or more fishing boats out of St. Augustine, Florida. During the taxable years involved the petitioner kept no books of account or records but maintained a bank account at the St. Augustine National Bank. By the use of bank deposits, plus the net worth and expenditures method, the respondent determined that the petitioner *31 had net taxable income as follows: 1944
$ 8,366.34
1945
14,390.53
1946
13,861.28
1947
16,971.32
1948
14,175.01
1949
15,404.94 The petitioner concedes the correctness of the foregoing amounts. On January 1, 1949, the petitioner owned assets, valued at cost, aggregating $56,750.43. For the year 1949 petitioner filed a Florida tangible personal property tax return in which he listed a boat and engine at a total value of $1,350 and a lot in West Augustine, Florida, at a value of $900. No other assets were shown. In about 1946 or 1947, the petitioner consulted Fred Furlisi about tax matters, who advised him to file federal income tax returns. Later he consulted Ralph P. Fancher, who also advised him to file federal income tax returns. Both Furlisi and Fancher were too busy to handle petitioner's tax problems and each recommended that he consult Stuart C. Russell. In about 1950, after petitioner was interviewed by a revenue agent, he consulted Russell, who prepared tax returns for the years 1944 to 1949 on a net worth basis. These returns were never filed because Russell learned that petitioner had money belonging to him or his wife in the Exchange Bank which *32 had not been figured in the computation of the returns. The petitioner was the only one who handled the money in the operation of the shrimp business during the taxable years involved. The petitioner has failed to establish that his failure to file returns for each of the taxable years 1944 to 1949, inclusive, was due to reasonable cause. A part of the deficiency for each of the taxable years is due to fraud with intent to evade tax. Opinion LEMIRE, Judge: The petitioner concedes the deficiencies but contends that his failure to file returns was not due to any wilful intent to evade tax. While the record discloses that the petitioner had little formal education and evidenced some difficulty in understanding the English language, it is abundantly clear that he possessed more than ordinary business acumen. He not only engaged in transactions involving considerable amounts of money, but he was familiar with the fish markets in which he dealt and managed his own financial affairs. He knew of the federal income tax and was advised by those from whom he sought assistance to file returns. Not only did he fail to reveal to his accountant Russell the existence of all his bank accounts, *33 but, likewise, failed to make proper disclosures when interrogated by the revenue agent. The evidence clearly indicates that petitioner was aware of the advantage to be gained by withholding the income tax due. This record reveals a consistent course of conduct, the failure to file returns, when petitioner was obviously aware that he was able to steadily increase his business by the acquisition of more and better equipment and was cognizant of the continuous increase in his bank balances. With due allowance for the petitioner's handicap, we are convinced that upon the basis of this entire record the only reasonable inference to be drawn is that petitioner's course of conduct was deliberate, intentional, and fraudulent, and its whole purpose was based upon an intent to evade payment of tax. The determination of the respondent finds ample support in the record. Therefore, the 25 per cent delinquency penalty and the 50 per cent addition to the tax for fraud are approved. Decision will be entered for the respondent.